IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRITNEY MANNING,

        Plaintiff,

v.

CLACKAMAS COUNTY SHERIFF'S
DEPARTMENT, DEPUTY RUSSELL
PALMERIE, SERGEANT JASON RITTER,
DEPUTY BRENDAN MCCOY, and OREGON
DEPARTMENT OF MOTOR VEHICLES,

        Defendants.

No. 3:25-cv-00578-AB

OPINION AND ORDER

**BAGGIO, District Judge:**

    Plaintiff Britney Manning, proceeding pro se, brings this action under 42 U.S.C. § 1983 and alleges violations of her First, Fourth, and Fourteenth Amendment rights under the United States Constitution. Amended Complaint ("Am. Compl.", ECF 8) ¶¶ 20-29.

    Before the Court is Defendants Clackamas County Sheriff's Office ("CCSO"), Deputy Russel Palmeri, Sergeant Jason Ritter, and Deputy Brenden Mckoy's (collectively, the "County Defendants")[1] Motion to Dismiss the Amended Complaint for failure to state a claim upon which

---

[1] Plaintiff incorrectly identifies Defendant Clackamas County Sheriff's Office (incorrectly identified as Clackamas County Sheriff's Department), Deputy Russel Palmeri (incorrectly identified as Deputy Russell Palmerie), and Deputy Brenden Mckoy (incorrectly identified as Deputy Brendan McCoy). *See* Motion to Dismiss ("Mot. Dismiss", ECF 34), 1-2. Defendant Oregon Department of Motor Vehicles ("Oregon DMV") has not made an appearance in this action.

1 – OPINION AND ORDER

relief can be granted. For the reasons discussed below, the County Defendants' Motion to Dismiss is GRANTED.

## I. FACTUAL BACKGROUND

Plaintiff alleges that on January 26, 2025, she was stopped by Deputy Palmeri near a highway off-ramp. Am. Compl. ¶ 10. According to Plaintiff, Deputy Palmeri "falsely claimed Plaintiff had a firearm in her possession, though the object in question was a standard cigarette lighter." *Id.* Plaintiff asserts that, even though she fully complied with Deputy Palmeri, the "officers yanked Plaintiff from the vehicle and used excessive force." *Id.* ¶ 11. Plaintiff was subsequently arrested and charged with driving *while criminally suspended*, although Plaintiff asserts that she has never "possess[ed] a valid license in Oregon or any other state." *Id.* ¶ 12. Plaintiff alleges Sergeant Ritter, who was not present at the scene, authored a police report with misrepresented facts. *Id.* ¶ 13.

Plaintiff further alleges that on April 4, 2025, she was stopped by Officer Belmant and "was arrested again without cause under the pretense of driving while suspended." *Id.* ¶ 14. Plaintiff asserts "[t]hese events form part of a larger pattern of harassment by Clackamas County deputies." *Id.* ¶ 15. Plaintiff also states that the Oregon DMV "maintained false records claiming Plaintiffs license was suspended or revoked." *Id.* ¶ 16. Lastly, Plaintiff alleges she has "submitted over 20 public records requests for unredacted body camera and dashboard footage[,]" which "were either unlawfully redacted or denied entirely." *Id.* ¶ 17. [2]

---

[2] Plaintiff's Response in Opposition to the Motion to Dismiss ("Resp.", ECF 36) and Supplement to Response ("Supp. Resp.", ECF 37) asserts additional facts extrinsic of her Amended Complaint. "A response brief to a motion to dismiss is not the proper place to make new pleadings." *Osterlund v. United States*, Case No. 3:18-cv-01180-MO, 2020 WL 1068066, at *2 (D. Or. Mar. 5, 2020). However, as discussed below in Section III, F, Plaintiff has leave to amend and may add her additional factual allegations to her amended complaint.

## II. LEGAL STANDARD

Where the plaintiff "fail[s] to state a claim upon which relief can be granted[,]" the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the Court to reasonably infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations must present more than "the mere possibility of misconduct[.]" *Id.* at 679.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021). Regardless, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 680-81. Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). When a plaintiff is proceeding pro se, the court must "construe the pleadings liberally and [ ] afford the [plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quotation marks and citation omitted).

## III. DISCUSSION

### A. Plaintiff Fails to State a Plausible Fourth Amendment Unlawful Search and Seizure Claim

Plaintiff alleges that Deputies Palmeri and McKoy violated her Fourth Amendment right "by executing an unlawful stop, removing Plaintiff from her vehicle without probable cause, and conducting an unlawful seizure." Am. Compl. ¶ 20. Plaintiff asserts that "[t]he use of force was unnecessary, unreasonable, and done without legal justification." *Id.* ¶ 21.

3 – OPINION AND ORDER

The Fourth Amendment guarantees "the right of the people to be secure . . . against unreasonable searches and seizures." U.S. Const. amend. IV. "Whether a search is reasonable under the Fourth Amendment requires a case-by-case 'balancing of the need for the particular search against the invasion of personal rights that the search entails[.]'" *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1141 (9th Cir. 2011) (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)). "The required factors for courts to consider include: (1) the scope of the particular intrusion, (2) the manner in which it is conducted, (3) the justification for initiating it, and (4) the place in which it is conducted." *Id.* (internal quotation marks omitted) (quoting *Bell*, 441 U.S. at 559).

As an initial matter, "[i]n order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation[.]" *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (liability under § 1983 must be alleged individually to show personal participation of each individual defendant). Here, Plaintiff fails to allege how each officer personally violated her rights. First, Deputy McKoy does not appear in the alleged facts. *See generally* Am. Compl. ¶¶ 10-18. Second, Plaintiff concedes that Sergeant Ritter was not present when the alleged unlawful search and seizure occurred. *Id.* ¶ 13. Lastly, as to Deputies Palmeri and McKoy, Plaintiff states only vague and conclusory statements of an unlawful search and seizure violation. *See id.* ¶¶ 20, 21.

Moreover, Plaintiff has failed to allege *any* facts that support her allegation of an unlawful search and seizure. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."). Accordingly, the County Defendants' Motion to Dismiss is

4 – OPINION AND ORDER

granted and Plaintiff's Fourth Amendment unlawful search and seizure claim against the County Defendants is dismissed.

### B. Plaintiff Fails to State a Plausible Fourth Amendment Excessive Force Claim

Next, Plaintiff alleges that "Defendants used excessive force" in violation of her Fourth Amendment right and that she "was not resisting, armed, or combative, yet was subjected to rough physical handling and threats of violence." Am. Compl. ¶¶ 22, 23.

The Fourth Amendment prohibits the use of excessive force in the course of an arrest, investigatory stop, or other seizures. U.S. Const. amend. IV; *see also Graham v. Connor*, 490 U.S. 386, 394-95 (1989) (excessive force claims during an arrest, seizure, or investigatory stop invoke the Fourth Amendment). To be adequately pled "[e]xcessive force claims require (1) a seizure and (2) excessive force." *Cuevas v. City of Tulare*, 107 F.4th 894, 898 (9th Cir. 2024). Additionally, whether the force used during the seizure was excessive is governed "by the Fourth Amendment's 'reasonableness' standard." *Plumhoff v. Rickard*, 572 U.S. 765, 774 (2014). The reasonableness standard "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* (quoting *Graham*, 490 U.S. at 396 (1989)).

Again, as explained in Section III, A, Plaintiff fails to allege how each officer personally violated her rights. *See Jones*, 297 F.3d at 934; *see also Taylor*, 880 F.2d at 1045. In fact, Plaintiff's only factual allegation that supports her excessive force claim is that "officers," generally, "yanked Plaintiff from the vehicle and used excessive force." Am. Compl. ¶ 11. Deputy McKoy does not appear in the alleged facts. *See generally id.* ¶¶ 10-18. And Plaintiff concedes that Sergeant Ritter was not present when the alleged excessive force occurred. *Id.* ¶ 13.

Further, Plaintiff states—but fails to establish—that the force used by Defendants was unreasonable under the Fourth Amendment. *See Plumhoff*, 576 U.S. at 774. Thus, the facts alleged in the Complaint are insufficient to constitute an excessive force claim. Accordingly, County Defendants' Motion to dismiss is granted and Plaintiff's Fourth Amendment excessive force claim against the County Defendants is dismissed.

### C. Plaintiff Fails to State a Plausible Fourteenth Amendment Procedural Due Process[3] Claim

Plaintiff alleges that her arrests were based on fictitious records as well as lack of notice or opportunity to contest the suspension of her driver's license deprived her of liberty without due process. Am. Compl. ¶¶ 25, 26.

The Fourteenth Amendment guarantees equal protection and due process under the law for all citizens. U.S. Const. amend. XIV. To prevail on a claim for procedural due process, a plaintiff must show, "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).

Here, Plaintiff makes a single conclusory allegation that she was deprived of liberty without due process but fails to allege any facts to support a procedural due process claim. Accordingly, County Defendants' Motion to dismiss is granted and Plaintiff's Fourteenth Amendment procedural due process claim against the County Defendants is dismissed.

---

[3] In her Response, Plaintiff states that her Fourteenth Amendment claim encompasses both a procedural due process claim and substantive due process claim. Resp., 6. However, because Plaintiff has not pled a substantive due process violation in her Amended Complaint, the Court does not address it here. *See generally* Am. Compl.

6 – OPINION AND ORDER

### D. Plaintiff Fails to State a Plausible First Amendment Retaliation Claim

Plaintiff alleges the County Defendants "engaged in targeted harassment, false citations, and suppression of records in retaliation for Plaintiff's protected activity, including public records request and legal filings." Am. Compl. ¶ 27.

The First Amendment protects five fundamental freedoms: religion, speech, the press, assembly, and the right to petition the government. U.S. Const. amend. I. To state a cognizable "First Amendment retaliation claim, a plaintiff must plausibly allege that (1) [she] was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019) (internal quotation marks and citation omitted). "[A] plaintiff must establish a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury.'" *Nieves v. Bartlett*, 587 U.S. 391, 398-99 (2019) (quoting *Hartman v. Moore*, 547 U.S. 250, 259 (2006)). "Specifically, it must be a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Id.* at 399 (quoting *Hartman*, 547 U.S. at 260).

Here, Plaintiff argues that the County Defendants engaged in retaliatory conduct but does not identify a constitutionally protected activity or provide an explanation on how the County Defendants' conduct would deter others from engaging in the same protected activity. *See* Am. Compl. ¶ 27. Moreover, Plaintiff does not allege how the County Defendants acted with a "retaliatory motive," causing Plaintiff's injury, or that the County Defendants conduct was a "but-for cause" of her injury. *See id.* Accordingly, County Defendants' Motion to dismiss is granted and Plaintiff's First Amendment retaliation claim against the County Defendants is dismissed.

### E. Plaintiff Fails to State a Plausible Claim Against Clackamas County Sheriff's Office

#### i. *Plaintiff fails to state plausible First, Fourth, and Fourteenth Amendment claims against Clackamas County Sheriff's Office*

To state a § 1983 claim, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015). "'Persons' under § 1983 are local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself." *Beardall v. City of Hillsboro*, Case No. 3:19-cv-00489-YY, 2019 WL 1867933, at *1 (D. Or. Apr. 25, 2019).

Here, Plaintiff names CCSO as a defendant. Am. Compl. ¶ 6. However, a department of local government or municipality is liable under § 1983 only if the plaintiff alleges his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690 (1978). A governmental entity may not be held liable under § 1983 simply based on the allegedly unconstitutional actions of their employees. *Id.* at 692. Instead, the municipality may be held liable "when execution of a government's policy or custom . . . inflicts in the injury." *Id.* at 694. Thus, CCSO is a department of the Clackamas County government and is not, therefore, a proper defendant under § 1983 for Plaintiff's First, Fourth, and Fourteenth Amendment claims. Accordingly, County Defendants' Motion to dismiss Plaintiff's First, Fourth, and Fourteenth Amendment claims against CCSO is granted.

#### ii. *Plaintiff fails to state a plausible <u>Monell</u> against Clackamas County Sheriff's Office*

Lastly, Plaintiff asserts a *Monell* claim against CCSO based on a "fail[ure] to train and supervise its officers and maintain[ing] an unlawful policy or custom of targeting individuals with

8 – OPINION AND ORDER

fabricated charges and excessive force." Am. Compl. ¶ 28. Plaintiff asserts, "[t]hese failures directly caused the constitutional violations Plaintiff suffered." *Id.* ¶ 29.

In *Monell*, the Supreme Court held that "a municipality cannot be held liable under § 1983 on a respondeat superior theory." 436 U.S. at 691. A municipality can only be sued for constitutional deprivations visited pursuant to an official policy, practice, or custom. *Id.* at 690-91; *see also Rivera v. Cnty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014). To establish *Monell* liability for an official custom, policy or practice, a plaintiff must show "(1) [she] was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to [her] constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020). "The 'official policy' requirement [of a *Monell* claim] was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).

Here, Plaintiff brings her *Monell* claim against a municipality—CCSO. However, the Amended Complaint does not allege facts sufficient to establish that CCSO has an official policy, custom, or practice that deprived her of a constitutional right. *See generally* Am. Compl. Specifically, Plaintiff does not allege facts that support or demonstrate the existence of a CCSO "policy or custom of targeting individuals with fabricated charges and excessive force." Am. Compl. ¶ 28; *see Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) ("An unconstitutional policy need not be formal or written to create municipal liability under Section 1983; however, it must be 'so permanent and well settled as to constitute a "custom or usage" with the force of law.'") (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)). Thus, Plaintiff has

not pled facts sufficient to state a *Monell* claim, and her claim must be dismissed. Accordingly, CCSO's Motion to dismiss Plaintiff's *Monell* claim is granted.

### F. Plaintiff Has Leave to Amend

"Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Here, the Court cannot conclude that it is impossible for Plaintiff to cure the above-mentioned defects in her pleading. *See id.* Therefore, the Court dismisses Plaintiff's claims against the County Defendants with leave to amend.

## IV. CONCLUSION

For the reasons discussed, the County Defendants' Motion to Dismiss [34] is GRANTED. Plaintiff's claims against the County Defendants are DISMISSED for failure to state a claim upon which relief may be granted. Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this Opinion and Order. Plaintiff is advised that failure to file an amended complaint will result in the County Defendants being dismissed from this action.

IT IS SO ORDERED.

DATED this  29th  day of July 2025.

*Amy M. Baggio*
AMY M. BAGGIO
United States District Judge